IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| LYNN ROGERS,<br><br>Plaintiff,<br><br>vs.<br><br>ANDRUS TRANSPORTATION SERVICES,<br><br>Defendants. | ORDER DENYING MOTION FOR RECONSIDERATION AND RELIEF FROM FINAL JUDGMENT<br><br><br><br>Case No. 2:04-CV-00994 PGC |

On August 9, 2006, the court denied plaintiff Lynn Rogers' motion to continue the trial date set for September 11, 2006 and dismissed his case without prejudice [#23]. Mr. Rogers has now filed a motion to reconsider the court's previous order because it has supposedly "recently been discovered that Plaintiff will be released from incarceration between August 26, 2006, and September 1, 2006, and available for the September 11, 2006, trial date." Mr. Rogers' counsel states that he has received correspondence from Mr. Rogers stating that he has been granted an early release beginning September 1, 2006. Mr. Rogers' counsel also has verified that Mr. Rogers' *projected* release date is August 24, 2006.

Mr. Rogers moves under Fed. R. Civ. P. Rule 59(e) to alter or amend the judgment because such relief "is appropriate where the court has misapprehended the facts, the parties'

positions, or the controlling law."[1]  He seeks alteration from the court "to address intervening change in the controlling law, new evidence previously unavailable, or to correct clear error or manifest injustice."[2]  He asserts that, while it was previously unclear when he would be leaving the Texas penal system, it is now clear – at least in his mind – that he will be released sometime between August 26th and September 1st.

Mr. Rogers' motion for reconsideration is not well founded.  First, the court noted in its previous order that Mr. West filed his 42 U.S.C. § 12101 complaint against defendant Andrus Transportation Services on October 26, 2004, but never informed the court that he was incarcerated.  Apart from a December 2, 2005 order amending the scheduling order and setting deadlines for discovery, dispositive motions and a trial date, the court never heard again from Mr. Rogers or his counsel.  On June 22, 2006, concerned about maintaining the trial date as scheduled, the court *itself* ordered the parties to provide a joint status report on the parties' intention to proceed.  The parties' joint status report indicated that the parties had only filed the required initial disclosures and conducted partial initial written discovery over the past two years.  That report from the parties – agreed to by Mr. Roger's attorney – also indicated that Mr. Rogers would not be released by the September trial date.

Second, although Mr. Rogers' official release date was on June 5, 2007, given his previous representations of his release date, the court found it difficult to plan based on Mr. Rogers' guess as to his release date.  He now states that he knows he will be released within an

---

[1] *Servants of the Paraclete v. Doe*, 204 F.3d 1005, 1012 (10th Cir. 2000).

[2] *Id*.

imminent time frame, but the court finds these representations are still too speculative.  Mr. Rogers has "cried wolf" a number of times on his pending release date, especially to his own counsel, and the court is unwilling to rearrange its calendar based on Mr. Rogers' anticipated release until he is actually released.  Even if he is accurate about the *current projected* release date, of course things could change between now and then.  For example, Mr. Roger's could commit a disciplinary violation in prison.  Or the prison authorities could reach a different conclusion.

Third, the court noted that the parties – including in particular Mr. Rogers – failed to timely raise difficulties with discovery.  Indeed, had the court known of these difficulties earlier, dealing with them would have been far simpler.

Fourth, the court stated that it had set Mr. Rogers' trial date on its calendar for nearly two years.  As a result of Mr. Rogers' *own* representation that he would *not* be released in time for trial, the court struck the trial date.  The court has now placed a number of pressing criminal and civil hearings in the time that it previously scheduled for his trial.  It would be quite burdensome to the court – and to the attorneys and litigants in those cases – to reschedule those new matters.  Moreover, even if the trial date were to be reinstated, Mr. Rogers has not clearly demonstrated that he would be ready to proceed with the trial, given the very limited amount of preparation that seems to have been done.

In sum, Mr. Rogers has not shown that the court misapprehended the facts represented to it by his counsel, nor has he shown that it has misapprehended the parties' positions or the controlling law.  And Mr. Rogers has not shown an intervening change in the controlling law or

any clear error or manifest injustice. Accordingly, there is no reason to reconsider the court's ruling dismissing his case without prejudice. Again, the court notes that any problem in this matter could have been easily avoided had Mr. Rogers' counsel actually raised these issues in a timely fashion. Having declined to keep the court apprised of the situation, dismissal continues to be appropriate. The court DENIES Mr. Rogers' motion for reconsideration and relief from final judgment [#24]. This case is to remain closed.

    SO ORDERED.

    DATED this 23rd day of August, 2006.

BY THE COURT:

_____
Paul G. Cassell
United States District Judge